**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RICK GONZALES,**

            **Petitioner,**

         **v.**                                  **CASE NO. 10-3153-RDR**

**USDB COMMANDANT,
et al.,**

            **Respondents.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241, by an inmate of the United States Disciplinary Barracks, Fort Leavenworth, Kansas. The filing fee has been paid. Having considered the materials filed, the court finds as follows.

Petitioner claims that respondents are "constructively increasing" his military sentence by "imposing involuntary conditions of release under the military mandatory supervised release (MSR) program." As factual support, Mr. Gonzales alleges the following. The convening authority approved a sentence of 11 years and 9 months. By virtue of time served and good time and work abatement credits, he was scheduled for release at his minimum release date of August 27, 2010. On April 20, 2010, the Army Clemency and Parole Board (ACPB) declared that he would be on conditional release under the MSR program until March 20, 2015. Petitioner appealed this ruling, and his appeal was denied on May 6, 2010. He then filed a petition for extraordinary relief in the Army Court of Criminal Appeals challenging applicability of the MSR program to his case, which was denied. He appealed to the Court of Appeals for the Armed Forces, and that appeal remains pending.

This court is asked to order respondents to remove him from

MSR, and to find that the Under Secretary of Defense was without congressional authority to create the MSR parole system, and that the ACPB and the USDB Commandant "lack jurisdiction over him once he reaches his Minimum Release Date."

The court finds that claims substantially similar to petitioner's were considered and rejected by this court in Huschak v. Gray, 642 F.Supp.2d 1268 (D. Kan. 2009). A copy of that opinion is attached hereto. Therein this court held that the MSR program is a parole system[1] statutorily authorized under 18 U.S.C. § 952, that the military parole board has the authority to place a military prisoner on MSR, that MSR does not increase a military prisoner's adjudged punishment, and that a military prisoner received the benefit of his good conduct time by its positive impact upon his minimum release date. The court also held that claims which could have been but were not fully exhausted in the military courts were

---

[1] Contrary to petitioner's claim that he is entitled to unconditional release on his MinRD based on AR 633-30, and that only the Secretary of the Army had authority to create a parole system affecting him, this court found:

> MSR started in 2001. Prior to that, if an inmate was not accepted for parole and remained confined until his MinRD, the inmate would be unconditionally released without supervision. This allowed inmates who may have been judged too great a risk or otherwise unworthy of parole, to be released without the conditions imposed upon the release of inmates who were granted parole.
>
> To change this situation and better achieve the goals of rehabilitation, the military started the MSR program. The regulations setting forth the MSR program describe the purpose of the program.
>
>> The supervised release of prisoners who are not granted parole prior to their MRD [minimum release date] is a highly effective technique to provide an orderly transition to civilian life for released prisoners and to better protect the communities into which such prisoners are released. Accordingly, it shall be the policy of the Department of Defense to use supervised release in all cases except where it is determined by the Service Clemency and Parole Boards to be inappropriate.

Huschak, 642 F.Supp.2d at 1273 (citing DoDI 1325.7 at § 6.20.1 (2001)).

2

waived. Petitioner is given twenty (20) days to show cause why his claims should not be denied for the reasons stated in Huschak. If he fails to show cause or properly respond within the allotted time, this action may be dismissed without further notice.

Petitioner's assertion that a 2003 change to DODI 1325.7 does not apply to him because his offenses occurred prior to the effective date of those changes fails to state a claim. He cites certain paragraphs but none provides, as he claims, that MSR affects only those prisoners whose offense occurred after July 10, 2003. As the court found in Huschak, MSR began in 2001. The claim that MSR deprives a military prisoner of vested good conduct time and abatements was addressed in Huschak.

Petitioner has also filed a Motion to Compel Government Concession (Doc. 3), Motion for Immediate Release from Military Custody (Doc. 4), Motion to Prohibit Forfeiture of Vested Abatements (Doc. 5), Motion to prohibit a scheduled disciplinary proceeding for failure to submit a military MSR plan with approved address (Doc. 6), and Second Motion for Emergency Expedited Review of Petition or in the Alternative for Summary Judgment (Doc. 7), and Third Motion for Expedited Review (Doc. 8). Petitioner's Motion to Compel Government Concession (Doc. 3) is denied because, as this court already found, petitioner's assertion in Issue III is not supported by the cited regulatory language. Petitioner's Motion for Immediate Release (Doc. 4), Motion to Prohibit Forfeiture of Abatements (Doc. 5), and Motions for Expedited Emergency Review (Doc. 7, 8) are superfluous in that they seek nothing other than the relief already requested in the Petition. These motions are denied, without prejudice, at this time because they are not supported by facts or

authority that would entitle movant to the preliminary relief requested. Given the court's finding that Mr. Gonzales' claims in the Petition fail under the authority and reasoning in <u>Huschak</u>, the court also finds that petitioner has not shown any likelihood of success on the merits, which might entitle him to preliminary relief. Petitioner's Motion(s) to prohibit disciplinary action for his failure to provide a satisfactory MSR plan (Doc. 6)(see also Doc. 5) is denied. The regulatory language cited therein expressly provides that it is a clarification of policy, rather than the promulgation of new policy. In any event, any challenge to disciplinary action taken by a military parole board must be fully exhausted by way of the available administrative appeals before it may be raised in federal court. The same is true of any claim that his abatement days have been incorrectly calculated[2].

**IT IS THEREFORE ORDERED** that petitioner's Motion to Compel Government Concession (Doc. 3), Motion for Immediate Release (Doc. 4), Motion to Prohibit Forfeiture of Abatements (Doc. 5), Motion to Prohibit Disciplinary Action (Doc. 6), Second Motion for Emergency Expedited Review or for Summary Judgment (Doc. 7), and two other motions for expedited review (Docs. 2, 8) are denied, without prejudice.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to show cause why this action should not be dismissed based upon the reasoning and authority in <u>Huschak</u>, 642 F.Supp. at 1268.

---

[2] Petitioner presented no such claim in his Petition. He may not add a claim to his Petition by discussing it in a motion for other relief. Instead, he must file an Amended Petition that raises all claims he intends to present.

**IT IS SO ORDERED.**

DATED:  This 5th day of October, 2010, at Topeka, Kansas.


                                    s/RICHARD D. ROGERS
                                    United States District Judge